UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------I----------------------------------------X
CAROL RADICH,

    Plaintiff,

-against-

NEWBURGH ENLARGED CITY SCHOOL DISTRICT,

    Defendant.
-----------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

'06 CIV 13251
BRIEANT

### I. PARTIES

1. Plaintiff Carol Radich is a resident of New Windsor, within this judicial district.

2. Defendant Newburgh Enlarged City School District ("Newburgh ECSD") is a public school district organized pursuant to the laws of the State of New York. It may sue and be sued.

### II JURISDICTION AND VENUE

3. As plaintiff brings this action to enforce her rights under the Family Medical Leave Act (FMLA), this Honorable Court has subject matter jurisdiction pursuant to 29 U.S.C. § 2601 et seq..

4. As the State law claims arise from the same nucleus of operative facts as the Federal claim, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. As the events giving rise to this action arose in Orange County, within this Judicial district, this case is properly venued in the Southern District of New York.

### III FACTUAL AVERMENTS

6. Plaintiff commenced employment with the Newburgh ECSD in 1996 as a teacher's aide.

7. In January 2003, she became a probationary tenure-track teaching assistant.

8. She was represented by the Newburgh Teachers' Association ("NTA") and the terms of her employment were governed by a collective bargaining agreement ("CBA") between the NTA and Newburgh ECSD.

9. Pursuant to the CBA, defendant was required to provide plaintiff with a minimum of two evaluations/observations per school year. Defendant was required to provide her with a copy of same.

10. Pursuant to the CBA, all written evaluation reports and correspondence were required to be made part of plaintiff's personnel folder and open to her scrutiny.

11. Pursuant to the CBA, plaintiff had a right to inspect and reply to any written material regarding her performance, and such material was to be placed in her personnel folder.

12. Pursuant to the CBA, if such material were proven false, it would be removed from her personnel file and could not form the basis of any adverse action against her.

13. From 1996 through September 2005, plaintiff received highly positive evaluations and letters of recommendation from teachers, administrators and parents.

14. In 2004, a teacher at North Junior High, Ms. Donaghue, requested that plaintiff be placed in her class as a teaching assistant, and plaintiff was so assigned.

15. Thereafter, plaintiff and Donaghue developed a personal friendship.

16. However, plaintiff's personal friendship with Donaghue deteriorated in Summer 2005.

17. Thereafter, Donaghue wrote at least two adverse memoranda about plaintiff to plaintiff's principal, Ron Jackson.

18. However, contrary to the CBA, defendant failed to allow plaintiff to view these adverse memoranda to rebut and respond to them.

19. Instead, defendant used Donaghue's memoranda to counsel and discipline plaintiff.

20. As a result of defendant's actions, plaintiff developed severe depression which necessitated professional medical treatment and required her to take intermittent medical leave throughout the 2005-2006 school year. Plaintiff provided defendant medical documentation for her medical leave.

21. Contrary to the CBA, defendant failed to provide plaintiff with two written observations/evaluations per year as a teaching assistant.

22. In January 2006, defendant transferred plaintiff involuntarily from Donaghue's classroom at North Junior High to a position at Gidney Avenue school.

23. The NTA unsuccessfully grieved this involuntary transfer on plaintiff's behalf.

24. However, despite plaintiff's repeated requests for assistance, the NTA failed to grieve defendant's serious breaches of the CBA regarding its failure to allow plaintiff to scrutinize and respond to Donaghue's adverse memoranda or its failure to provide plaintiff with at least two written evaluations/observations per year.

25. In failing to grieve these breaches of the CBA by defendant, the NTA violated its duty of fair representation to plaintiff.

26. In May 2006, Newburgh ECSD Superintendent Annette Saturnelli provided plaintiff with a notice that the District was "continuing [her] services as a Teacher/Instructional Employee for the 2006-2007 school year."

27. Plaintiff accepted this contractual offer of continued employment for 2006-2007.

28. In addition, defendant assigned plaintiff to a special education Teaching Assistant position for the Summer of 2006.

29. In reliance on defendant's written offer of continued employment for 2006-2007, plaintiff did not search for other employment.

30. On June 23, 2006, despite her prior offer of continued employment through 2006-07, Saturnelli advised plaintiff that she was going to recommend to the Board of Education that plaintiff's employment be terminated on August 28, 2006.

31. In stating her reasons for this recommendation, Saturnelli expressly relied on Donaghue's negative letters about plaintiff, which plaintiff never had the opportunity to review or rebut.

32. In addition, Saturnelli cited plaintiff's medical absences in 2005-2006, which were for a serious health condition which required continuing treatment by a health care provider and was protected by the Family Medical Leave Act.

33. Plaintiff met the other requirements for FMLA leave based on her length of employment and full-time status.

34. Defendant failed to give plaintiff notice of her rights and obligations under the Family Medical Leave Act, contrary to the dictates of that law.

35. Despite knowledge of defendant's serious violations of the CBA in connection with the termination of plaintiff's employment, the NTA failed to grieve, or offer to grieve, defendant's actions. This was a further breach of its duty of fair representation.

36. Based on Saturnelli's unlawful recommendation, defendant terminated plaintiff's employment effective August 28, 2006.

37. Plaintiff timely filed a notice of claim with defendant who failed to respond.

38. As a result of defendant's actions, plaintiff has suffered substantial economic and non-economic harm, including past and future lost pay and benefits, emotional distress, depression, anxiety and exacerbation of physical impairments.

### IV. CAUSES OF ACTION

39. Plaintiff incorporates the allegations in ¶¶ 1-38 as if fully restated herein.

40. By terminating plaintiff for taking FMLA-protected medical leave and by failing to provide plaintiff with adequate notice of her rights and obligations under FMLA, defendant violated 29 U.S.C. §§ 2615, 2619.

41. By terminating plaintiff based on written memoranda which were never provided to plaintiff to review and rebut, and failing to provide plaintiff with two written observations and/or evaluations per year, defendant breached its contractual responsibilities to plaintiff. As plaintiff's union violated its duty of fair representation, plaintiff may sue defendant directly in court for breach of contract.

42. By giving plaintiff a written offer of employment for 2006-2007, which plaintiff accepted and relied on to her detriment, and then terminating plaintiff in August 2006, defendant breached its contract with plaintiff. As plaintiff's union violated its duty of fair representation, plaintiff may sue defendant directly in court for breach of contract.

WHEREFORE, plaintiff prays that this Honorable Court:

a.  accept jurisdiction over this matter;

b.  empanel a jury to fairly hear and decide this matter;

c.  award to plaintiff economic and non-economic compensatory damages occasioned by the

unlawful actions described above;

d.      order plaintiff's reinstatement or award her front pay;

f.      award to plaintiff reasonable attorneys' fees and costs; and

g. order such other relief deemed just and proper.

Dated: November _, 2006
       Goshen, New York

S/: _____
Christopher D. Watkins (CW 2240)
LAW OFFICES OF MICHAEL H. SUSSMAN
40 Park Place – P.O. Box 1005
Goshen, NY 10924
(845) 294-3991
Attorneys for Plaintiff